| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| DISTRICT OF DELAWARE |
| Case number *(if known)* _____   Chapter  **11** |

☐ Check if this an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | | |
|---|---|---|---|
| 1. | Debtor's name | **Wynne Transportation Holdings, LLC** | |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | **DBA  U.S. Crew Change** | |
| 3. | Debtor's federal Employer Identification Number (EIN) | **83-3240566** | |
| 4. | Debtor's address | **Principal place of business**<br><br>**14110 N. Dallas Parkway<br>Suite 240<br>Dallas, TX 75254**<br>Number, Street, City, State & ZIP Code<br><br>**Dallas**<br>County | **Mailing address, if different from principal place of business**<br><br>_____<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br><br>_____<br>Number, Street, City, State & ZIP Code |
| 5. | Debtor's website (URL) | **www.uscrewchange.com** | |
| 6. | Type of debtor | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ | |

Debtor **Wynne Transportation Holdings, LLC**  Case number (*if known*) _____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
　　**4855**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check **all** that apply*:

　　☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).
　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
　　☐ A plan is being filed with this petition.
　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor **Wynne Transportation Holdings, LLC**     Case number (*if known*) _____
       Name

List all cases. If more than 1, attach a separate list

| | | |
|---|---|---|
| Debtor **See Attachment** | | Relationship _____ |
| District _____ | When _____ | Case number, if known _____ |

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____
      Contact name _____
      Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

■ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
■ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **Wynne Transportation Holdings, LLC**        Case number (*if known*) _____
      Name

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 10, 2025**
                 MM / DD / YYYY

**X**  **/s/ M. Benjamin Jones**          **M. Benjamin Jones**
Signature of authorized representative of debtor        Printed name

Title  **Chief Restructuring Officer**

**18. Signature of attorney**

**X**  **/s/ Matthew B. McGuire**          Date  **January 10, 2025**
Signature of attorney for debtor             MM / DD / YYYY

**Matthew B. McGuire 4366**
Printed name

**Landis Rath & Cobb LLP**
Firm name

**919 Market Street**
**Suite 1800**
**Wilmington, DE 19801**
Number, Street, City, State & ZIP Code

Contact phone  **(302) 467-4400**     Email address  **mcguire@lrclaw.com**

**4366 DE**
Bar number and State

Official Form 201        **Voluntary Petition for Non-Individuals Filing for Bankruptcy**        page 4

Debtor **Wynne Transportation Holdings, LLC**
      Name

Case number (*if known*) _____

**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number (*if known*) _____    Chapter **11**

☐ Check if this an amended filing

## FORM 201. VOLUNTARY PETITION

### Pending Bankruptcy Cases Attachment

| | | | | |
|---|---|---|---|---|
| Debtor | **Allegheny Crew Change Company, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Coastal Crew Change Company, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Great Plains Crew Change Company, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Southwest Crew Change Company, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **WTH Commerical Services, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |
| Debtor | **Wynne Transportation, LLC** | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | Case number, if known | |

**Wynne Transportation Holdings, LLC**
**Wynne Transportation, LLC**
**Coastal Crew Change Company, LLC**
**WTH Commercial Services, LLC**
**Southwest Crew Change Company, LLC**
**Great Plains Crew Change Company, LLC**
**Allegheny Crew Change Company, LLC**

**Omnibus Authorization for Filing Voluntary Petition Under**
**Chapter 11 of the Bankruptcy Code and Related Matters**

**January 10, 2025**

The undersigned managers (the "Managers") constituting the board of managers of Wynne Transportation Holdings, LLC, a Delaware limited liability company, Wynne Transportation, LLC, a Delaware limited liability company, Coastal Crew Change Company, LLC, a Delaware limited liability company, WTH Commercial Services, LLC, a Delaware limited liability company, Southwest Crew Change Company, a Delaware limited liability company, Great Plains Crew Change Company, LLC, a Delaware limited liability company, Allegheny Crew Change Company, LLC, a Delaware limited liability company (collectively, the "Company"), hereby adopt the following resolutions: (the "Resolutions"):

WHEREAS, a Special Meeting of the Managers was held on January 10, 2025;

WHEREAS, the Managers have considered the financial and operational conditions of the Company;

WHEREAS, the Managers have reviewed, considered, and received the recommendation of senior management of the Company and the advice of the Company's professionals and advisors with respect to the options available to the Company, including the possibility of pursuing a restructuring or sale of the Company's business and assets under chapter 11 (the "Chapter 11 Cases") of title 11 of the United States Code (as amended or modified, the "Bankruptcy Code");

WHEREAS, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Managers have determined in their business judgment that it is in the best interest of the Company, its creditors, members, employees, other interested parties and stakeholders that voluntary petitions be filed by the Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware;

WHEREAS, in connection with the Chapter 11 Cases, the Managers deem it advisable and in the best interests of the Company to establish and create the office of the chief restructuring officer of the Company (the "Chief Restructuring Officer");

WHEREAS, the Managers have considered individuals and firms deemed suitable to serve as Chief Restructuring Officer for the Company and serve as authorized delegate of the

{1468.001-W0079183.3}

Managers in connection with the Chapter 11 Cases, and based on the Managers' evaluation of potential candidates for Chief Restructuring Officer and their respective qualifications, capabilities, and experience, deems M. Benjamin Jones, Senior Managing Director with Ankura Consulting Group ("Ankura Consulting"), qualified and competent to serve as Chief Restructuring Officer; and

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that after consideration of the alternatives presented to it and the recommendations of senior management of the Company and the advice of the Company's professionals and advisors, the Managers have determined in their business judgment that it is in the best interest of the Company, its creditors, members, employees, other interested parties and stakeholders that voluntary petitions be filed by the Company under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware and the filing of such petition is authorized hereby; and it is

**FURTHER RESOLVED**, that the Managers hereby ratify and approve the creation of the office of the Chief Restructuring Officer for the Company; and it is

**FURTHER RESOLVED,** that the Managers shall be, and hereby are, authorized to cause the Company to retain M. Benjamin Jones of Ankura Consulting as Chief Restructuring Officer and to take any and all actions necessary or required under the terms of the Ankura Consulting engagement agreement, including, without limitation, the payment and replenishment of any retainers and provision of insurance coverage; and it is

**FURTHER RESOLVED,** that the Chief Restructuring Officer shall be, and hereby is, authorized to act as an officer of the Company, including, without limitation, executing any and all documents and authorizing any acts he deems reasonable, advisable, expedient, convenient, proper or necessary to the commencement and administration of and/or exit from the Chapter 11 Cases, in the Chapter 11 Cases and any proceedings and transactions arising in or related to the Chapter 11 Cases, or the reorganization or liquidation of the Company by and through the Chapter 11 Cases, and otherwise to perform any duties or actions reasonably necessary to represent the Company in association with the Chapter 11 Cases and any proceedings or transactions arising in or related to the Chapter 11 Cases, provided that the Chief Restructuring Officer shall consult when appropriate with the Managers on all of foregoing matters; and it is

**FURTHER RESOLVED**, that the Managers, Chief Restructuring Officer and any other officer or person designated and so authorized to act (collectively, the "Authorized Persons") hereby are, and each of them is, authorized and empowered to (a) execute, verify and file on behalf of the Company all documents necessary or appropriate in connection with the filing of said bankruptcy petition, including, without limitation, all petitions, affidavits, declarations, schedules, statements of financial affairs, lists, motions, applications, pleadings, and other papers or documents in connection with such chapter 11 petition; (b) take and perform any and all actions deemed necessary and proper to obtain such relief as authorized herein and in connection with the Company's Chapter 11 Cases; (c) appear as necessary at all bankruptcy proceedings on behalf of the Company; and (d) pay all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and it is

**FURTHER RESOLVED**, that the retention of Ankura Consulting and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Ankura Consulting as the Company's financial advisor; and it is

**FURTHER RESOLVED**, that the retention of Landis Rath & Cobb LLP ("Landis Rath & Cobb") and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Landis Rath & Cobb as the Company's restructuring and bankruptcy counsel; and it is

**FURTHER RESOLVED**, that the retention of Omni Agent Solutions, Inc. ("Omni") and the execution of any retention agreements, the payment of any retainers, fees or expenses, and the approval of any matters related thereto, be and hereby are ratified, adopted, and approved in all respects as the acts and deeds of the Company and the Authorized Persons are, and each of them hereby is, authorized and directed to immediately upon and after the filing of the bankruptcy case execute and cause to be filed an application for authority to retain Omni as the Company's notice and claims agent; and it is

**FURTHER RESOLVED**, that all instruments, agreements, certificates, consents, waivers or other documents heretofore executed and delivered (or caused to be executed and delivered) and all acts lawfully done or actions lawfully taken by the Authorized Persons in connection with the Chapter 11 Cases or any further action to seek relief on behalf of the Company under chapter 11 of the Bankruptcy Code, or in connection with the Chapter 11 Cases, or any matter related thereto, be, and hereby are, adopted, ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is

**FURTHER RESOLVED**, that the acts, actions and transactions heretofore taken by the Authorized Persons or the Boards in the name of and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions, which acts, actions and transactions would have been approved by the foregoing resolutions except that such acts were taken before the resolutions were adopted, be, and hereby are, ratified, confirmed, and approved in all respects.

**[SIGNATURE PAGES FOLLOW]**

**IN WITNESS WHEREOF**, the undersigned have executed this resolution on behalf of Wynne Transportation Holdings, LLC, Wynne Transportation, LLC, , Coastal Crew Change Company, LLC, WTH Commercial Services, LLC, Southwest Crew Change Company, Great Plains Crew Change Company, LLC, and Allegheny Crew Change Company, LLC as of the date first written above.

_____
Matthew Keis, Manager

_____
Kelsey Broyles, Manager

_____
John Montgomery, Manager

_____
Matthew Kahn, Manager

**Fill in this information to identify the case:**

Debtor name: **Wynne Transportation Holdings, LLC**

United States Bankruptcy Court for the: District of **Delaware** (State)

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204
## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                         12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | GETZ Transport Solutions, LLC<br>1708 Spring Green Blvd, Suite 120-26<br>Katy, TX 77494 | c/o George Pickard<br>P: 713-410-4030<br>george@getztransportsolutions.com | Litigation Judgment | Disputed | | | $32,822,931.00 |
| 2 | Whitley Penn<br>640 Taylor Street, Suite 2200<br>Fort Worth, TX 76102 | c/o Kathleen Hale<br>P: 817-259-9798<br>wpbilling@whitleypenn.com | Trade Payable | | | | $259,444.44 |
| 3 | Carolina Casualty Insurance Company<br>PO Box 639938<br>Cincinnati, OH 45263-9938 | c/o Theresa Reynolds<br>P: 904-363-8018<br>treynolds@carolinacas.com | Insurance Premiums | | | | $215,983.93 |
| 4 | Sumitomo Mitsui Finance & Leasing Co, LTD<br>PO Box 530023<br>Atlanta, GA 30353 | c/o Jamie Gao<br>P: 855-434-3564<br>jamie.gao@smflus.com | Trade Payable | | | | $170,714.64 |
| 5 | ACRI Defense LLC dba Vidar Frontera Solutions<br>9804 Valencia Ave<br>Lubbock, TX 79424 | c/o Bryan Smith<br>P: 651-236-7031<br>smith.b@acridefense.com | Trade Payable | | | | $169,814.30 |
| 6 | Tradition Equipment, LLC<br>1645 Lyndale Ave N<br>Faribault, MN 55021 | c/o Ryan Geiger<br>P: 713-940-6562<br>ryan@traditionequipment.com | Trade Payable | | | | $138,507.26 |
| 7 | Rush Truck Centers of Idaho Inc<br>4060 W Andco Dr<br>Idaho Falls, ID 83402 | c/o Hannah Atack<br>P: 208-401-2245<br>atackh@rushenterprises.com | Trade Payable | | | | $105,508.85 |
| 8 | NFI Aftermarket Parts<br>PO Box 857758<br>Minneapolis, MN 55485 | c/o Ryan Horrell<br>P: 502-318-3123<br>ryan@horrell@nfi.parts | Trade Payable | | | | $87,315.46 |

| Debtor | **Wynne Transportation Holdings, LLC** <br>Name | | Case number (*if known*)_____ |
|---|---|---|---|

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliquidated, or disputed** | **Amount of unsecured claim** <br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 9 | **McGriff, Seibels & Williams, Inc.** <br>PO Box 890635 <br>Charlotte, NC 28289 | c/o Carolyn Blake <br>P: 832-799-0807 <br>cblake@mcgriff.com | Insurance Premiums | | | | $75,021.38 |
| 10 | **Texas Mutual Insurance Company** <br>PO Box 12058 <br>Austin, TX 78711-2058 | c/o Accounts Receivable <br>P: 800-859-5995 <br>painterimfaxes@texasmutual.com | Insurance Premiums | | | | $68,974.71 |
| 11 | **Inter-State Oil Co.** <br>8221 Alpine Ave <br>Sacramento, CA 95826 | c/o Heather Aginaga <br>P: 312-588-3378 <br>haginaga@interstateoil.com | Trade Payable | | | | $65,798.72 |
| 12 | **El Camino Bus Lines Inc** <br>911 Enid St <br>Houston, TX 77009 | c/o Martin Chavez <br>P: 866-571-2435 <br>caminobuslines@gmail.com | Trade Payable | | | | $65,088.15 |
| 13 | **STF Transportation LLC** <br>5015 Carey Rd <br>Sacramento, CA 95835 | c/o Shirantha Fernando <br>P: 833-628-3672 <br>kandyshira@yahoo.com | Trade Payable | | | | $64,557.69 |
| 14 | **Esbrook Law PC** <br>321 N Clark <br>Chicago, IL 60654 | c/o Shanice Bland <br>P: 661-322-5064 <br>shanice.bland@wsbrook.com | Trade Payable | | | | $64,452.30 |
| 15 | **Temsa North America** <br>PO Box 748977 <br>Atlanta, GA 30384-8977 | c/o Mirta Lopez <br>P: 939-232-3849 <br>mirta.lopez@temsa.com | Trade Payable | | | | $53,651.14 |
| 16 | **Delaney & AHLF Diesel Service Inc** <br>3901 Mercury Ave <br>Bakersfield, CA 933308 | c/o Chris Jones <br>P: 661-322-5064 <br>chriss@dnaparts.com | Trade Payable | | | | $49,531.32 |
| 17 | **Standard Retirement Services Inc** <br>1100 SW Sixth Ave <br>Portland, OR 97204 | c/o Karen Graham <br>P: 800-783-3613 <br>Karen.Graham2@standard.com | Trade Payable | | | | $41,528.31 |
| 18 | **ABC Bus Inc.** <br>PO BOX 856703 <br>Minneapolis, MN 55485-6703 | c/o Barb Ennis <br>P: 507-332-5769 <br>bennis@abc-companies.com | Trade Payable | | | | $39,474.91 |

Debtor        **Wynne Transportation Holdings, LLC**                    Case number (*if known*)_____
              Name

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | **Master's Leasing & Rental**<br>800 Quik Trip Way<br>Belton, MO 64012 | c/o Emily Irwin<br>P: 816-831-3621<br>eirwin@masterstransportation.com | Trade Payable | | | | $38,789.58 |
| 20 | **HotelEngine Inc**<br>1601 Wewatta St<br>Denver, CO 80202 | c/o Accounts Receivable<br>P: 415-985-2400<br>ar@hotelengine.com | Trade Payable | | | | $34,878.37 |
| 21 | **Stinson LLP**<br>1201 Walnut St.<br>Kansas City, MO 64106 | c/o Tanya Kotzias<br>P: 816-691-3394<br>tanya.kotzias-wilson@stinson.com | Trade Payable | | | | $33,946.53 |
| 22 | **Samsara**<br>PO BOX 735462<br>Dallas, TX 75373 | c/o Billing Support<br>P: 415-985-2400<br>billingsupport@samsara.com | Trade Payable | | | | $30,312.17 |
| 23 | **Sweet Grass Portables, LLC**<br>PO BOX 1305<br>Big Timber MT, 59011 | c/o Blake Garton<br>P: 406-932-4433<br>sweetgrassportables@gmail.com | Trade Payable | | | | $28,950.00 |
| 24 | **UnitedHealthcare**<br>P.O. Box 94017<br>Palatine, IL 60094-4017 | c/o Luke Chutko<br>P: 412-439-4315<br>luke_chutko@uhc.com | Benefit Providers | | | | $28,128.27 |
| 25 | **Kenworth of Louisiana, LLC**<br>P.O Box 1450<br>Gray, LA 70359 | c/o Anita F<br>P: 504-818-0100<br>anitaf@kwlouisiana.com | Trade Payable | | | | $26,066.41 |
| 26 | **CW Government Travel Inc DBA CWT Sato**<br>PO Box 100626<br>Arlington, VA 22210 | c/o Ron Ivester<br>P: 804-674-1199<br>rivester@cwtsato.com | Trade Payable | | | | $24,877.50 |
| 27 | **ABC Companies**<br>PO Box 856703<br>Minneapolis, MN 55485-6703 | c/o Barb Ennis<br>P: 507-332-5769<br>bennis@abc-companies.com | Trade Payable | | | | $20,209.07 |
| 28 | **Building Material and Construction Drivers, Helpers and Material Handlers, Teamsters Local No. 341**<br>1231 Banksville Rd, Floor 2<br>Pittsburgh, PA 15216 | c/o Joe Podolak<br>P: 724-266-8341<br>jpodolak723@gmail.com | Unions | Contingent, Unliquidated | | | Undetermined |
| 29 | **AFL-CIO, Eastern States Joint Board, Local 298**<br>420 West Merrick Rd<br>Valley Stream, NY 11580 | c/o Jim Vogt<br>P: 516-770-1375<br>jvogt@esjb.org | Unions | Contingent, Unliquidated | | | Undetermined |
| 30 | **AFL-CIO, ESJB Amalgamated Local 1931**<br>420 West Merrick Rd<br>Valley Stream, NY 11580 | c/o Jim Vogt<br>P: 516-770-1375<br>jvogt@esjb.org | Unions | Contingent, Unliquidated | | | Undetermined |

# United States Bankruptcy Court
## District of Delaware

In re  **Wynne Transportation Holdings, LLC**
                            Debtor(s)

Case No. _____
Chapter  **11**

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned counsel for  **Wynne Transportation Holdings, LLC**  in the above captioned action, certifies that the following is a (are) corporation(s), other than the debtor or a governmental unit, that directly or indirectly own(s) 10% or more of any class of the corporation's(s') equity interests, or states that there are no entities to report under FRBP 7007.1:

**Gemini Investors VI, L.P.**
**20 William Street**
**Suite 250**
**Wellesley Hills, MA 02481**

☐ None [*Check if applicable*]

**January 10, 2025**
Date

*/s/ Matthew B. McGuire*
**Matthew B. McGuire 4366**
Signature of Attorney or Litigant
Counsel for  **Wynne Transportation Holdings, LLC**
**Landis Rath & Cobb LLP**
**919 Market Street**
**Suite 1800**
**Wilmington, DE 19801**
**(302) 467-4400 Fax:(302) 467-4450**
**mcguire@lrclaw.com**

# United States Bankruptcy Court
### District of Delaware

In re **Wynne Transportation Holdings, LLC**

Debtor(s)

Case No.

Chapter **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Bedford Wynne** | | | 9.1% |
| **Gemini Investors VI, L.P.**<br>20 William Street<br>Suite 250<br>Wellesley Hills, MA 02481 | | | 90% |
| **John Montgomery** | | | .9% |

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Chief Restructuring Officer** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date **January 10, 2025**

Signature **/s/ M. Benjamin Jones**
**M. Benjamin Jones**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

**Fill in this information to identify the case:**

Debtor name: **Wynne Transportation Holdings, LLC**

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ■ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration   **List of Equity Security Holders and Corporate Ownership Statement (Rule 7007.1)**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **January 10, 2025**       X  */s/ M. Benjamin Jones*
                                        Signature of individual signing on behalf of debtor

                                        **M. Benjamin Jones**
                                        Printed name

                                        **Chief Restructuring Officer**
                                        Position or relationship to debtor

Official Form 202              **Declaration Under Penalty of Perjury for Non-Individual Debtors**