IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10027 (KBO)<br><br>(Jointly Administered)<br><br>Related Docket No. 13 |

**LIMITED OBJECTION OF AUXILIOR CAPITAL PARTNERS, INC. TO MOTION OF DEBTORS FOR (I) AUTHORITY TO (A) OBTAIN POSTPETITION FINANCING ON A SECURED SUPERIORITY BASIS, (B) USE CASH COLLATERAL, (II) GRANT LIENS AND PROVIDE SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS, (III) GRANT ADEQUATE PROTECTION, (IV) MODIFY THE AUTOMATIC STAY, AND (V) RELATED RELIEF**

Auxilior Capital Partners, Inc. ("Auxilior"), by and through its undersigned counsel, hereby submits this limited objection (this "Objection") to *Debtors' Motion for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Obtain Postpetition Financing, On a Secured, Superpriority Basis, and (B) Use Cash Collateral, (II) Granting Liens and Providing Claims with Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying the Automatic Stay, and (V) Granting Related Relief* ("DIP Financing Motion")[2] [D.I. 13], and in support of this Objection, respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Wynne Transportation Holdings, LLC (2566); Wynne Transportation, LLC (8255); Coastal Crew Change Company, LLC (9550); WTH Commercial Services, LLC (9379); Southwest Crew Change Company, LLC (8777); Great Plains Crew Change Company LLC (5926); and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas parkway, Suite 240, Dallas, Texas 75254.

[2] Capitalized terms not otherwise defined in this Limited Objection shall have the meaning ascribed to such terms in the DIP Term Sheet or the Interim DIP Order (as defined below), as applicable.

3813446v2

**BACKGROUND**

A.   **General Background**

1. On January 10, 2025 (the "Petition Date"), Wynne Transportation Holdings, LLC and its debtor affiliates (collectively, the "Debtors"), each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*, thereby commencing the above-captioned Chapter 11 cases (the "Cases").

2. On January 13, 2025, the Court entered an order directing the procedural consolidation and joint administration of the Debtors' Chapter 11 cases. [D.I. 17]

3. The Debtors filed the DIP Financing Motion on January 13, 2025. Following the first-day hearing held on January 14, 2025, the Court entered the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing On a Secured, Superpriorty Basis,(B) Use Cash Collateral, (II) Granting Liens and Providing Claims With Superpriority Administrative Expense Status, (III) Granting Adequate Protection, (IV) Modifying The Automatic Stay, and (VI) Granting Related Relief* [D.I. 29] (the "Interim DIP Order").

B.   **The Relationship Between the Debtors and Auxilior**

4. Auxilior is one of the Debtors' equipment lessors and, upon information and belief, one of its largest creditors with monthly lease payments for Auxilior (or its assignees) totalling approximately $360,000 per month. Specifically, Auxilior is an equipment lessor under a Master Lease with thirteen (13) equipment lease schedules (each amended, restated, supplemented and/or modified, collectively, the "Lease Schedules") with the Debtor Coastal Crew Change Company LLC (the "Lessee"). The Lease Schedules each cover specific motor coaches/buses (the "Leased Assets") for use in the Lessee's business. The Master Lease explicitly prohibit any junior liens or other encumbrances on the Leased Assets. Moreover, as Auxilior owns the Leased Assets, the

Debtors cannot grant any lien in, or security interest on, let alone a priming lien, the Leased Assets as it only has a right to use and possession for the term of the Schedules.

5. On or about June 29, 2021, Auxilior, as Lessor, entered into a Master Lease Agreement No. 101255 (the "Master Lease"), with Debtor Coastal Crew Change Company LLC, as Lessee, pursuant to which the Lessee agreed to lease certain equipment and related assets (defined above as the "Leased Assets"), together with all parts, replacements, repairs, additions, accessories and accessories incorporated therein and affixed thereto.[3]

6. The Master Lease, which is incorporated in its entirety into the Lease Schedules, provides, in relevant part: *"Lessee shall keep the Equipment free and clear of all liens, claims, encumbrances, rights of others, and legal processes…"*

7. A default under the Master Lease is defined as: *"any transfer of the Equipment, any part thereof or any interest therein by Lessee, or the existence of a lien that is prohibited by this Lease"*

8. Upon such default, the Lessor may enforce the remedies set forth in the Master Lease. *See* Master Lease, § 12.

## LIMITED OBJECTION

9. Auxilior objects to the granting of DIP Liens in "all motor vehicles (whether or not subject to a certificate of title)" to the extent they constitute any of the Leased Assets including the leased buses and related equipment subject to the Master Lease.

10. Auxilior further objects to the language in the DIP Financing Motion indicating that the "DIP liens shall prime and be senior to the lien of the Prepetition Representative, for the benefit of the Prepetition Secured Parties."

---

[3] The Master Lease is annexed hereto as Exhibit "A" and the Schedules are annexed hereto as Exhibit "B".

3813446v2

11. Auxilior does not object to the Debtors' post-petition borrowing, the need to use cash collateral associated with the borrowing nor the granting of liens in the Debtors' assets as long as it is clear that the granting of such liens does not include any lien or security interest in the Leased Assets. Auxilior has proposed to the Debtor and DIP Lender the following language:

> Auxilior Capital Partners, Inc. ("Auxilior") asserts an ownership interest in certain leased buses and related equipment (the "Auxilior Leased Assets") pursuant to that certain Master Lease Agreement dated as of June 29, 2021 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time) and Schedule Nos. 1001255-001 through 1001255-013 (the "Lease Schedules") by and between Coastal Crew Change Company LLC and Auxilior and Auxilior's assignees. The Auxilior Leased Assets do not constitute assets in which the Debtor may grant a security interest. However, to the extent the Auxilior Leased Assets are determined to be property of the estates as defined in Section 541 of the Bankruptcy Code, Auxilior's prepetition ownership interest shall be deemed a Prepetition Permitted Lien, and neither the DIP Representative nor any DIP Secured Parties shall hold or be granted a priming lien, security interest, or any other encumbrance in the Auxilior Leased Assets. The Debtor shall remain current on all of its post-petition obligations to Auxilior and its assignees under the Master Lease Agreement and Lease Schedules. Any failure to remain current shall constitute a default, entitling Auxilior to seek all available remedies, including relief from the automatic stay under Section 362 of the Bankruptcy Code, the right to compel the assumption or rejection of the Lease Schedules pursuant to Section 365 and for adequate protection under Sections 361 and 363(e).

12. While granting liens in assets owned by Auxilior is wholly improper, if the Court determines that the Debtors may grant a lien on the Leased Assets, Auxilior respectfully requests that any final order approving such DIP Lien explicitly state that:

   a. Any DIP Liens on the Leased Assets shall be junior to Auxilior's ownership interest and are subordinate thereto.

   b. The definition of "DIP Liens" be revised to exclude the Leased Assets.

13. The Budget identifies "lease" payments without identifying lease payments "to whom". The DIP order should provide for the Debtors to make payment of the post-petition obligations arising under the Lease Schedules.

3813446v2

14. The Final DIP Order should explicitly state that, in accordance with the Master Lease Agreement, no rights or remedies arising from any liens may be exercised with respect to the Leased Assets unless and until all obligations under the Master Lease and Schedules are fully satisfied. Specifically, Auxilior requests the addition of the following language to any Final Order approving the DIP Liens:

> Auxilior Capital Partners, Inc. ("Auxilior") asserts an ownership interest in certain leased buses and related equipment (the "Auxilior Leased Assets") pursuant to that certain Master Lease Agreement dated as of June 29, 2021 (as amended, restated, amended and restated, supplemented or otherwise modified from time to time) and Schedule Nos. 1001255-001 through 1001255-013 (the "Lease Schedules") by and among Coastal Crew Charge Company LLC, as Lessee, and Auxilior, as Lessor.
>
> The Auxilior Leased Assets do not constitute assets in which the Debtor may grant a security interest. However, to the extent the Auxilior Leased Assets are determined to be property of the estates as defined in Section 541 of the Bankruptcy Code, Auxilior's prepetition ownership interest shall be deemed a Prepetition Permitted Lien, and neither the DIP Representative nor any DIP Secured Parties shall hold or be granted a priming lien, security interest, or any other encumbrance in the Auxilior Leased Assets.
>
> The Debtor shall remain current on all of its post-petition obligations to Auxilior and its assignees under the Master Lease Agreement and Lease Schedules. Any failure to remain current shall constitute a default, entitling Auxilior to seek all available remedies, including relief from the automatic stay under Section 362 of the Bankruptcy Code, compliance with Section 365 and adequate protection under Sections 361 and 363(e).

## **RESERVATION OF RIGHTS**

15. This Objection is submitted without prejudice to, and with a full reservation of, Auxilior's rights to supplement and amend this Objection, including the filing of a declaration in support thereof, to introduce evidence at any hearing relating to this Objection, to further object to the DIP Financing Motion on any grounds that may be appropriate, including reconsideration of the relief granted in the Interim DIP Order and to require compliance with 365 of the Bankruptcy Code.

3813446v2

**CONCLUSION**

**WHEREFORE**, for the reasons set forth above, the Objector respectfully requests that the Court (i) deny approval of the DIP Financing Motion on a final basis only to the limited extent set forth in this Objection and (ii) grant to the Objector such other relief as is appropriate.

Dated: February 3, 2025
      Wilmington, Delaware       **BAYARD, P.A.**

*/s/ Ericka F. Johnson*
Ericka F. Johnson (No. 5024)
Ashly L. Riches (No. 7256)
600 North King Street, Suite 400
Wilmington, DE 19801
Telephone: (302) 655-5000
Email:  ejohnson@bayardlaw.com
       ariches@bayardlaw.com

-and-

Julia Gavrilov (admitted *pro hac vice*)
Deborah Turofsky (admitted *pro hac vice*)
MORITT HOCK & HAMROFF LLP
400 Garden City Plaza
Garden City, NY 11530
Telephone: (516) 873-2000
Email: jgavrilov@moritthock.com
      dturofsky@moritthock.com

*Attorneys for Auxilior Capital Partners, Inc.*

3813446v2