**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1] | Case No. 25-10027 (KBO) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: March 11, 2025 at 10:30 a.m. (ET) |
| | Obj. Deadline: February 26, 2025 at 4:00 p.m. (ET) |

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN EXECUTORY
CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO FEBRUARY 12, 2025
AND (B) ABANDON ANY REMAINING PROPERTY AT THE REJECTED
LOCATIONS; (II) AUTHORIZING AND APPROVING PROCEDURES TO REJECT
EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (III) GRANTING
RELATED RELIEF**

**ANY PARTY RECEIVING THIS MOTION SHOULD LOCATE ITS NAME AND ITS REJECTED CONTRACT OR UNEXPIRED LEASE IDENTIFIED ON EXHIBIT 1 AND EXHIBIT 2 TO THE PROPOSED ORDER**

The above-captioned debtors and debtors-in-possession (the "Debtors") by and through their undersigned counsel, hereby submit the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to (A) Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to February 12, 2025 and (B) Abandon Any Remaining Property at the Rejected Locations; (II) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases; and (III) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

{1468.001-W0079960.}

**JURISDICTION**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.[2]

2. The statutory bases for the relief sought herein are sections 365(a), 105(a) and 554(a) of title 11 of chapter 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (as amended or modified, the "Bankruptcy Code") together with rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**BACKGROUND**

3. On January 10, 2025 (the "Petition Date"), each of the Debtors commenced the above-captioned chapter 11 cases (the "Chapter 11 Cases") by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. As of the date of this motion no trustee or examiner has been appointed in these Chapter 11 Cases.

4. On January 27, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed the Official Committee of Unsecured Creditors (the "Committee"). *See* D.I. 62.

5. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession, pursuant to Bankruptcy Code sections 1107(a) and 1108.

---

[2] Pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors hereby confirm their consent to entry of a final order by this Court in connection with this Motion if it is later determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

{1468.001-W0079960.}

6. Additional information regarding the circumstances leading to the commencement of these Chapter 11 Cases and information regarding the Debtors' business and capital structure is set forth in detail in the *Declaration of M. Benjamin Jones in Support of Chapter 11 Petitions and First Day Motions* [D.I. 10] (the "First Day Declaration")[3] filed on January 13, 2025 and incorporated herein by reference.

7. The Debtors are in the process of evaluating their executory contracts (each, a "Contract" and collectively, the "Contracts") and unexpired real estate leases (each, a "Lease" and collectively, the "Leases") to determine whether any such Contracts or Leases should be (a) rejected as unfavorable to the Debtors or (b) assumed or assumed and assigned, including those Contracts or Leases to be assumed as amended through consensual negotiations with the relevant counterparties. The Debtors are party to many Contracts and Leases, which include agreements with vendors for equipment and the supply of goods and services, and other contracts related to the Debtors' businesses, as well as leases relating to the rental of certain premises.

8. The Debtors have analyzed their executory contracts to which they are a party. During this process, the Debtors considered, among other things, the ongoing value and projected costs of maintaining their executory contracts in light of the Debtors' projected strategy for these Chapter 11 Cases.

9. The Debtors have determined, in the exercise of their business judgment, that the Contracts set forth on **Exhibit 1** (the "Rejected Contracts") to the proposed order granting the Motion attached hereto as **Exhibit A** (the "Proposed Order") should be rejected as of February 12, 2025 to avoid incurring unnecessary burden and expense to their estates.

---

[3] Capitalized terms used but not otherwise defined in this Motion shall have the meanings ascribed to them in the First Day Declaration.

{1468.001-W0079960.}

10. In addition, the Debtors have analyzed their unexpired real estate leases. As a result of this analysis, the Debtors have identified certain properties that, in their sound business judgment, do not fit into the Debtors' go-forward strategy. Accordingly, the leaseholds at the locations (the "Rejected Locations") subject to the unexpired leases as set forth in **Exhibit 2** to the Proposed Order have been identified as being inconsistent with the Debtors' go-forward business plan based on the Rejected Locations' financial and strategic status (the "Rejected Leases"). As of no later than February 12, 2025 (the "Rejection Date"), the Debtors vacated the premises and provided an unconditional relinquishment and returned possession to the respective landlords.

11. Certain of the Debtors' personal property of *de minimis* value may remain in the possession or on the premises of counterparties to the Contracts or Leases, including, but not limited to, furniture, fixtures and equipment, as well as any other goods owned by third parties under a contractual agreement (collectively, the "Remaining Property"). The Remaining Property is either prohibitively expensive or difficult to remove, relative to its value, such that the economic benefit of removing the Remaining Property is exceeded by the attendant costs thereof. Therefore, the Debtors request the Court's approval to abandon any Remaining Property left in the possession or on the premises of any counterparties to the Debtors' Contracts or Leases.

12. The procedures for rejecting Contracts (the "Rejection Procedures") requested in this Motion, if approved, will apply to any future rejection of Contracts or Leases that the Debtors determine to reject before the conclusion of these Chapter 11 Cases. Absent the relief requested in this Motion, the Debtors would be required to file separate motions to reject each Contract or Lease, resulting in substantial costs to and administrative burden on, the Debtors'

estates—in addition to burdening the Court's docket. To that end, the Debtors hereby request approval of the Rejection Procedures to minimize such costs and burdens.

## The Proposed Rejection Procedures

13. The Debtors seek entry of an Order authorizing and approving the following Rejection Procedures with respect to the Contracts:

    a. ***Rejection Notice***. The Debtors shall file a notice substantially in the form attached as **Exhibit 3** to the Proposed Order (the "Rejection Notice") to reject one or more Contracts or Leases pursuant to Bankruptcy Code section 365, which Rejection Notice shall set forth, among other things: (i) the Contract(s) or Lease(s) to be rejected; (ii) the Debtor party to such Contract or Lease; (iii) the names and addresses of the counterparties to such Contracts or Leases (each a "Rejection Counterparty"); (iv) the proposed effective date of rejection for such Contracts and Leases (the "Rejection Date"); and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts or Leases; *provided* that the number of Contracts or Leases listed on each Rejection Notice shall be limited to no more than one hundred (100).

    b. ***Service of the Rejection Notice***. The Debtors will cause the Rejection Notice to be served: (i) by first class mail and email or fax if such contact information is known, service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail upon (A) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov); (B) counsel to the Official Committee of Unsecured Creditors, (1) Brown Rudnick LLP, (a) 7 Times Square, New York, New York 10036, Attn: Bennet S. Silverberg, Esq. (bsilverberg@brownrudnick.com) and (b) One Financial Center, Boston, Massachusetts 02111, Attn: Shari I. Dwoskin, Esq. (sdowskin@brownrudnick.com) and (2) Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19801, Attn: Aaron H. Stulman, Esq. (astulman@potteranderson.com) and Christopher M. Samis, Esq. (csamis@potteranderson.com); (C) counsel to the DIP Lender, Proskauer Rose LLP, Attn: Charles A. Dale, Esq. (cdale@proskauer.com); and (D) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

    c. ***Objection Procedures***. Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with this Court

on the docket of the Debtors' Chapter 11 Cases and is *actually received* by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline"): (i) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, Esq. (mcguire@lrclaw.com) and Joshua B. Brooks, Esq. (brooks@lrclaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov); (iv) counsel to the Official Committee of Unsecured Creditors, (1) Brown Rudnick LLP, (a) 7 Times Square, New York, New York 10036, Attn: Bennet S. Silverberg, Esq. (bsilverberg@brownrudnick.com) and (b) One Financial Center, Boston, Massachusetts 02111, Attn: Shari I. Dwoskin, Esq. (sdowskin@brownrudnick.com) and (2) Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19801, Attn: Aaron H. Stulman, Esq. (astulman@potteranderson.com) and Christopher M. Samis, Esq. (csamis@potteranderson.com); and (iv) counsel to the DIP Lender, Proskauer Rose LLP, One International Place, Boston, MA 02110-2600, Attn: Charles A. Dale, Esq. (cdale@proskauer.com).

d. ***No Objection Timely Filed***. If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees.

e. ***Unresolved Timely Objection***. If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties. If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty have agreed, or as ordered by the Court.

f. ***Deposits***. If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

      g.    ***Abandoned Property***. The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be in the possession of any counterparties that are subject to a Rejected Contract or Rejected Lease or any such property remaining at a Rejected Location (the "<u>Abandoned Property</u>"). Absent a timely objection, any and all property in the possession of a Contract or Lease counterparty or remaining at a Rejected Location on the Rejection Date shall be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date. Such counterparties may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

      h.    ***Proofs of Claim***. Claims arising out of the rejection of Contracts or Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn. If no proof of claim is timely filed in the appropriate form, such claimant shall be forever barred, estopped and enjoined from (1) asserting such claim against any of the Debtors and their chapter 11 estates, (2) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such claim and (3) participating in any distribution in the Debtors' Chapter 11 Cases on account of such claim.

## **RELIEF REQUESTED**

14.    By this Motion, the Debtors request the entry of an order pursuant to Bankruptcy Code sections 365(a), 105(a) and 554(a) authorizing and approving (i) the Debtors' rejection of the Rejected Contracts and Rejected Leases *nunc pro tunc* to the Rejection Date, (ii) abandonment by the Debtors of the Remaining Property as of the Rejection Date, and (iii) the use of the Rejection Procedures for future rejections of Contracts in these Chapter 11 Cases.

## **BASIS FOR RELIEF REQUESTED**

**A.**    **Rejection of the Rejected Contracts is an Exercise of the Debtors' Sound Business Judgment**

15.    Section 365(a) of the Bankruptcy Code permits a debtor-in-possession, subject to the court's approval, to "reject any executory contract or unexpired lease of the debtor."

7

11 U.S.C. § 365(a). Under section 365, a debtor may relieve itself of burdensome agreements where performance still remains. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989); *see also In re Exide Techs.*, 607 F.3d 957, 967 (3d Cir. 2010) ("Courts may use § 365 to free a [debtor] from burdensome duties that hinder its reorganization.").

16. A debtor's rejection of an executory contract is governed by the "business judgment" standard. *See Sharon Steel Corp.*, 872 F.2d at 39 (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 846 (Bankr. W.D. Pa. 1987)); *In re AbitibiBowater Inc.*, 418 B.R. 815, 831 (Bankr. D. Del. 2009); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (1984) (noting that the "business judgment" standard is the proper standard used to approve rejection of executory contracts). Rejection of executory contracts is appropriate when rejection would benefit the estate. *See In re Bildisco*, 682 F.2d at 79 (subsequent history omitted). Courts have generally approved rejection under section 365(a) upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts is in the best interests of its creditors and all parties in interest. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course"). "Accordingly, the court should not interfere with or second-guess the debtors' sound business judgment unless and until evidence is presented that establishes that the debtors' decision was one taken in bad faith or in gross abuse of its retained business discretion." *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. at 849.

17. The Debtors have determined in their business judgment that the rejection of the Rejected Contracts is reasonable and necessary, which resulted from careful consideration of factors that included the respective benefits and costs related to the Rejected Contracts. The Debtors also believe any benefit in continuing to attempt to identify a potential party to acquire the Rejected Contracts would likely be substantially outweighed by the cost of maintaining the Rejected Contracts and a hindrance to their efforts in these Chapter 11 Cases.

18. As such, the Debtors believe that accruing potential administrative expenses on account of the Rejected Contracts will not offer any additional value to their estates and, thus, immediate rejection of the Rejected Contracts is appropriate in order to relieve the burden on the Debtors' estates. In this context, the Debtors, in their sound and reasonable business judgment, believe that the Rejected Contracts are no longer necessary for the Debtors' businesses and that rejecting the Rejected Contracts is in the best interests of the Debtors, their creditors, and stakeholders.

### B. Rejection of the Rejected Leases is an Exercise of the Debtor's Sound Business Judgment

19. Bankruptcy Code section 365(a) provides in pertinent part:

> Except as provided in section 765 and 766 of this title and in subsections (b), (c) and (d) of this section, the trustee, subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor.

11 U.S.C. § 365(a).

20. Rejection of an executory contract or unexpired lease by a debtor-in-possession is subject to judicial review under the business judgment standard. *Sharon Steel Corp.*, 872 F.2d at 39-40; *In re Fed. Mogul Global, Inc.*, 293 B.R. 124, 126 (D. Del. 2003). If such business judgment has been reasonably exercised, the court should approve the proposed assumption or rejection. *See NLRB v. Bildisco and Bildisco*, 465 U.S. 513, 523 (1984). Generally, a court will

9

approve a debtor's business decision unless the decision is the product of bad faith, whim or caprice. *Fed. Mogul*, 293 B.R. at 126; *In re G. Survivor Corp.*, 171 B.R. 755, 757 (Bankr. S.D.N.Y. 1994) (holding that "[i]n determining whether a debtor may be permitted to reject an executory contract, courts usually apply the business judgment test. Generally, absent a showing of bad faith, or an abuse of business discretion, the debtor's business judgment will not be altered"). Moreover, rejection of an executory contract or unexpired lease is appropriate where rejection would benefit the estate. *See Sharon Steel Corp.*, 872 F.2d at 40.

21. The Debtors have determined in their business judgment that the rejection of the Rejected Leases is reasonable and necessary, which resulted from careful consideration of factors that included the respective benefits and costs related to the Rejected Leases. The Debtors also believe any benefit in attempting to identify a potential party to acquire the Rejected Leases likely would be substantially outweighed by the cost of maintaining the Rejected Leases and a hindrance to their efforts in these Chapter 11 Cases.

22. As such, the Debtors believe that continuing to accrue potential administrative expenses on account of the Rejected Leases will not offer any additional value to their estates and, thus, immediate rejection of the Rejected Leases is appropriate in order to relieve the burden on the Debtors' estates. In this context, the Debtors, in their sound and reasonable business judgment, believe that the Rejected Leases set forth in **Exhibit 2** are no longer necessary for the Debtors' business and that rejecting the Rejected Leases is in the best interest of the Debtors and their creditors and stakeholders.

B.   *Nunc Pro Tunc* **Rejection is Appropriate**

23. Bankruptcy courts are empowered to grant retroactive rejection of a contract or lease under sections 105(a) and 365(a) of the Bankruptcy Code. Courts have authorized

rejection of executory contracts and unexpired leases, including retroactive rejections, based on the equities under the circumstances. *See In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that "rejection has been allowed nunc pro tunc to the date the [m]otion is filed or the premises is surrendered . . . ."); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995) (finding that, "[i]n the section 365 context, this means that bankruptcy courts may enter retroactive orders of approval, and should do so when that balance of equities preponderates in favor of such remediation"); *New Valley Corp. v. Corp. Prop. Assocs. (In re New Valley Corp.)*, No. 98-982, 2000 WL 1251858, at *16 (D.N.J. Aug. 31, 2000) (finding that equities weighed in favor of retroactive rejection to the date the debtor allowed a lessor to resume control of the property).

24. To avoid incurring additional obligations under the Rejected Contracts and Rejected Leases, the Debtors seek to reject the Rejected Contracts and Rejected Leases as of Rejection Date. The Debtors, with the assistance of their advisors, have determined to reject the Rejected Contracts and Rejected Leases after thoroughly reviewing the Rejected Contracts and Rejected Leases, analyzing the costs and benefits, and determining that the Rejected Contracts and Rejected Leases do not serve any purpose for the estates and therefore have no future value to the estates. Without a retroactive date of rejection, the Debtors may be forced to incur unnecessary charges and contractual obligations, to the detriment of their creditors and other stakeholders.

25. Based upon the foregoing facts and circumstances, the Debtors submit that *nunc pro tunc* rejection of the Rejected Contracts and Rejected Leases is supported by the equities of these Chapter 11 Cases, that rejection of the Rejected Contracts and Rejected Leases is supported by the Debtors' sound business judgment and that rejection is necessary, prudent and in the best interests of the Debtors, their estates, creditors, and other parties-in-interest.

C. **Authorizing the Debtors to Abandon Any Personal Property Remaining in the Possession of Contract and Lease Counterparties**

26. To the extent that any Remaining Property remains with any counterparties to the Debtors' Contracts or Leases or remains at any of the Rejected Locations, the Debtors request that the Court approve the Debtors' abandonment of such property pursuant to section 554(a) of the Bankruptcy Code.

27. Bankruptcy Code section 554(a) provides that after notice and hearing, a debtor "may abandon any personal property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). The right to abandon is virtually unfettered, unless abandonment of the property will contravene laws designed to protect public health and safety and the property poses an imminent threat to the public's welfare. *See In re Midlantic Nat'l Bank*, 474 U.S. 494, 501 (1986). Neither of these limitations is relevant in these Chapter 11 Cases.

28. The Debtors submit that the Remaining Property is of inconsequential value or is otherwise burdensome to their estates to remove from the Rejected Counterparties' possession or from the Rejected Locations. Among other things, the Debtors believe that the cost of retrieving, marketing and reselling the Remaining Property outweighs any recovery that the Debtors and their estates could reasonably hope to attain for such Remaining Property. As a result, the Debtors have determined in their business judgment that abandonment of the Remaining

Property, effective as of the Rejection Date, is necessary and in the best interests of the Debtors' estates, their creditors and stakeholders.

**D.**     **The Rejection Procedures Are in the Best Interests of the Debtors' Estates**

29.     Given the large number of Contracts and Leases to which the Debtors are a party, establishing the Rejection Procedures will streamline the administration of these Chapter 11 Cases and enhance the efficiency of the chapter 11 process by eliminating substantial legal expenses that would otherwise be incurred if multiple hearings were held on separate motions with respect to every Contract or Lease that the Debtors seek to reject. The Rejection Procedures are reasonable and fair to Contract and Lease counterparties because they afford parties-in-interest the opportunity to be heard with respect to the rejection of the Contracts or Leases (or abandonment of property related thereto).

30.     Courts in this district often enter orders approving similar relief. *See*, *e.g.*, *In re Jordan Health Prods. I, Inc.*, No. 24-12271 (TMH) (Bankr. D. Del. Oct. 31, 2024) (entering an order authorizing and approving procedures to reject executory contracts and unexpired leases); *In re Infinity Pharmas., Inc.*, No. 23-11640 (BLS) (Bankr. D. Del. Oct. 23, 2023) (entering an order rejecting certain executory contracts and unexpired leases, authorizing abandonment of personal property remaining at rejected locations, and establishing procedures to reject executory contracts and unexpired leases); *In re The Rockport Co., LLC*, No. 23-10774 (BLS) (Bankr. D. Del. June 29, 2023) (entering an order for procedures to reject executory contracts); *In re Clarus Therapeutics Holdings, Inc.*, No. 22-10845 (MFW) (Bankr. D. Del. Oct 27, 2022) (entering an order for procedures to reject executory contracts and unexpired leases); *In re Alex and Ani, LLC*, No. 21-10918 (CTG) (Bankr. D. Del. July 16, 2021) (same); *In re RGN-Group Holdings, LLC*, No. 20-11961 (BLS) (Bankr. D. Del. Sept. 3, 2020) (same).

**E.      The Rejection Procedures Satisfy Due Process**

31.     The counterparties to the Contracts and Leases will not be prejudiced by the Rejection Procedures because, upon receipt of a Rejection Notice, such counterparties will have received advance notice of the Debtors' intent to reject their respective Contract or Lease and of the effective date of such rejection.  *See*, *e.g.*, *In re Mid Region Petrol., Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (holding effective date of rejection of leases was the date the trustee gave notice to lessor of intent to reject); *In re Carlisle Homes, Inc.*, 103 B.R. 524, 535 (Bankr. D.N.J. 1988) (finding debtor may reject executory contract by clearly communicating intention to reject).

32.     As a procedural matter, "[a] proceeding to assume, reject, or assign an executory contract or unexpired lease . . . is governed by Rule 9014."  Fed. R. Bankr. P. 6006(a). Bankruptcy Rule 9014 provides that:  "In a contested matter . . . , not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought." Fed. R. Bankr. P. 9014(a). The notice and hearing requirements for contested matters under Bankruptcy Rule 9014 are satisfied if appropriate notice and an opportunity for hearing are given in light of the particular circumstances.  *See* 11 U.S.C. § 102(1)(A) (defining "after notice and a hearing" or a similar phrase to mean such notice and an opportunity for hearing "as [are] appropriate in the particular circumstances").

33.     Under Bankruptcy Rule 6006(f), a debtor may join requests for authority to assume or reject multiple executory contracts or unexpired leases in one motion, subject to Bankruptcy Rule 6006(e). *See* Fed. R. Bankr. P. 6006(f). Bankruptcy Rule 6006(f) sets forth six requirements that motions to assume or reject multiple executory contracts or unexpired leases must satisfy. These requirements are procedural in nature. A motion to assume or reject

14

multiple executory contracts or unexpired leases that are not between the same parties shall:

    i. state in a conspicuous place that parties receiving the omnibus motion should locate their names and their contracts or leases listed in the motion;

    ii. list parties alphabetically and identify the corresponding contract or lease;

    iii. specify the terms, including the curing of defaults, for each requested assumption or assignment;

    iv. specify the terms, including the identity of each assignee and the adequate assurance of future performance by each assignee, for each requested assignment;

    v. be numbered consecutively with other omnibus motions to assume, assign, or reject executory contracts or unexpired leases; and

    vi. be limited to no more than 100 executory contracts or unexpired leases.

Fed. R. Bankr. P. 6006(f).

34. The clear purpose of Bankruptcy Rule 6006(f), as amended, is to protect the due process rights of counterparties to the Contracts and Leases while conserving estate resources. Counterparties must be able to locate their Contracts or Leases and readily determine whether their Contracts or Leases are being rejected.

35. The Rejection Procedures satisfy Bankruptcy Rule 6006(f), including the 100-contract or lease limit. Further, given the substantial number of Contracts or Leases that the Debtors may seek to reject, obtaining Court approval of each rejection would impose unnecessary administrative burdens on the Debtors and the Court and result in costs to the Debtors' estates that may decrease the economic benefits of rejection.

36. In accordance with Bankruptcy Rule 6007(a), the Debtors will provide the U.S. Trustee and other parties-in-interest with the requisite notice and opportunity to object to any proposed abandonment of property.

37. As a result, the Rejection Procedures afford Contract and Lease counterparties and all other parties-in-interest their due process rights by providing notice and an opportunity to be heard. Moreover, Court oversight is maintained in the event of an objection. For the foregoing reasons, the Rejection Procedures should be approved, and the Debtors should be authorized to reject the Contracts and Leases consistent with the terms of such procedures.

38. In sum, the Rejection Procedures will minimize costs to the Debtors' estates and reduce the burden on the Court's docket while protecting parties-in-interest by providing notice and the opportunity to object and obtain a hearing. Moreover, the Debtors have determined that the Rejection Procedures are an appropriate means to protect and maximize the value of the Debtors' estates.

## **RESERVATION OF RIGHTS**

39. Nothing contained in this Motion or any actions taken by the Debtors pursuant to relief granted in the order is intended or should be construed as: (a) an admission as to the validity, priority or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion; (e) a request or authorization to assume any agreement, contract or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a waiver of any claims the Debtors or their estates may have against the Rejection Counterparties.

40. Furthermore, all rights and defenses of the Debtors and the Contract or Lease counterparties are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in the Motion or the Proposed Order shall limit the Debtors' ability to subsequently assert that any particular Contract or Lease is terminated, expired or otherwise no longer an executory contract or unexpired lease.

### **REQUEST FOR WAIVER OF STAY**

41. To implement the foregoing, the Debtors seek a waiver of any stay of the effectiveness of the order approving this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors' estates for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

42. Further, to implement the foregoing immediately, the Debtors also request a waiver of the notice requirements of Bankruptcy Rule 6004(a) to the extent they are deemed applicable.

### **NOTICE AND NO PRIOR REQUEST**

43. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the U.S. Trustee; (b) the DIP Lender; (c) the Committee; (d) the Internal Revenue Service; (e) the United States Attorney's Office for the District of Delaware;

(f) the state attorneys general for all states in which the Debtors conduct business; (g) all parties who have requested notice in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002; and (h) the counterparties to the Contracts and Leases.  In light of the nature of relief requested in this Motion, the Debtors respectfully submit that no further notice is necessary.

44. No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request that this Court enter the Proposed Order authorizing (i) the rejection of the Rejected Contracts or Rejected Leases and abandonment of the Remaining Property *nunc pro tunc* to the Rejection Date, (ii) use of the Rejection Procedures for future rejections of Contracts or Leases in these Chapter 11 Cases, and (iii) granting the Debtors such other and further relief as is just and proper.

| | |
|---|---|
| Dated: February 12, 2025<br>Wilmington, Delaware | **LANDIS RATH & COBB LLP**<br><br>*/s/ Joshua B. Brooks*<br>Adam G. Landis (No. 3407)<br>Matthew B. McGuire (No. 4366)<br>Joshua B. Brooks (No. 6765)<br>Clifford R. Wood, Jr. (No. 7130)<br>919 Market Street, Suite 1800<br>Wilmington, Delaware 19801<br>Telephone: (302) 467-4400<br>Facsimile: (302) 467-4450<br>Email: landis@lrclaw.com<br>          mcguire@lrclaw.com<br>          brooks@lrclaw.com<br>          wood@lrclaw.com<br><br>*Counsel for the Debtors and Debtors-In-Possession* |