# <u>EXHIBIT A</u>

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1] | Case No. 25-10027 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. No. __** |

**ORDER (I) AUTHORIZING THE DEBTORS TO (A) REJECT CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES *NUNC PRO TUNC* TO FEBRUARY 12, 2025 AND (B) ABANDON ANY REMAINING PROPERTY; (II) AUTHORIZING AND APPROVING PROCEDURES TO REJECT EXECUTORY CONTRACTS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for entry of an order (this "Order") (i) authorizing the Debtors to (a) reject certain executory contracts and unexpired leases *nunc pro tunc* to February 12, 2025 and (b) authorizing the removal or abandonment of the Debtors' personal property that may be located on, or have been installed in, leased premises that are subject to a Rejected Contract or Rejected Lease after the effective date of any proposed rejection, (ii) authorizing and approving procedures to reject executory contracts and unexpired leases (the "Rejection Procedures"), and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are:  Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

[2] Capitalized terms used but not defined herein have the meanings given to such terms in the Motion.

may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief set forth in this Order is in the best interests of the Debtors' estates; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice of the Motion need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.      The Motion is granted to the extent set forth herein.

2.      Pursuant to Bankruptcy Code sections 105(a) and 365(a), the Debtors are authorized to reject the Rejected Contracts identified on **Exhibit 1** hereto, including all attendant and ancillary agreements and all modification and extension agreements with respect thereto, and the Rejected Leases identified on **Exhibit 2** hereto, including all attendant and ancillary agreements and all modification and extension agreements with respect thereto, *nunc pro tunc* to February 12, 2025 (the "Rejection Date").

3.      Pursuant to Bankruptcy Code section 554(a), the Debtors are authorized to abandon any Remaining property at the Rejected Locations.  On and after the Rejection Date, the landlords to the Rejected Locations are authorized, in their sole discretion and without further notice or order of this Court, to utilize and/or dispose of such Remaining Property without further notice or liability to the Debtors or any third parties that may claim an interest in such Remaining Property.  The automatic stay is modified to the extent necessary to allow such dispositions.

4.      The following Rejection Procedures are approved in connection with rejecting

Contracts:

    a.  ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached as **Exhibit 3** to this Order (the "Rejection Notice") to reject one or more Contracts or Leases pursuant to Bankruptcy Code section 365, which Rejection Notice shall set forth, among other things:   (i) the Contract(s) or Lease(s) to be rejected; (ii) the Debtor party to such Contract or Lease; (iii) the names and addresses of the counterparties to such Contracts or Leases (each a "Rejection Counterparty"); (iv) the proposed effective date of rejection for such Contracts and Leases (the "Rejection Date"); and (v) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below).  The Rejection Notice may list multiple Contracts or Leases; *provided* that the number of Contracts or Leases listed on each Rejection Notice shall be limited to no more than one hundred (100).

    b.  ***Service of the Rejection Notice***.  The Debtors shall cause the Rejection Notice to be served: (i) by first class mail and email or fax if such contact information is known, service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (ii) by first class mail upon (A) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov); (B) counsel to the Official Committee of Unsecured Creditors (the "Committee"), (1) Brown Rudnick LLP, (a) 7 Times Square, New York, New York 10036, Attn: Bennet S. Silverberg, Esq. (bsilverberg@brownrudnick.com) and (b) One Financial Center, Boston, Massachusetts 02111, Attn: Shari I. Dwoskin, Esq. (sdowskin@brownrudnick.com) and (2) Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19801, Attn: Aaron H. Stulman, Esq. (astulman@potteranderson.com) and Christopher M. Samis, Esq. (csamis@potteranderson.com); (C) counsel to the DIP Lender, Proskauer Rose LLP, One International Place, Boston, MA 02110-2600, Attn: Charles A. Dale, Esq. (cdale@proskauer.com); and (D) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

    c.  ***Objection Procedures***.  Parties objecting to a proposed rejection must file and serve a written objection so that such objection is filed with this Court on the docket of the Debtors' Chapter 11 Cases and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than fourteen (14) days after the date the Debtors file and serve the relevant  Rejection Notice  (the "Rejection  Objection  Deadline"):

(i) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, Esq. (mcguire@lrclaw.com) and Joshua B. Brooks, Esq. (brooks@lrclaw.com); (ii) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov); (iii) counsel to the Official Committee of Unsecured Creditors, (1) Brown Rudnick LLP, (a) 7 Times Square, New York, New York 10036, Attn: Bennet S. Silverberg, Esq. (bsilverberg@brownrudnick.com) and (b) One Financial Center, Boston, Massachusetts 02111, Attn: Shari I. Dwoskin, Esq. (sdowskin@brownrudnick.com) and (2) Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19801, Attn: Aaron H. Stulman, Esq. (astulman@potteranderson.com) and Christopher M. Samis, Esq. (csamis@potteranderson.com); and (iv) counsel to the DIP Lender, Proskauer Rose LLP, One International Place, Boston, MA 02110-2600, Attn: Charles A. Dale, Esq. (cdale@proskauer.com).

d. ***No Objection Timely Filed***.  If no objection to the rejection of any Contract or Lease is timely filed, each Contract or Lease listed in the applicable Rejection Notice shall be deemed rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees.

e. ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty have agreed, or as ordered by the Court.

f. ***Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

g. ***Abandoned Property***.  The Debtors are authorized, but not directed, at any time on or before the applicable Rejection Date, to remove or abandon any of the Debtors' personal property that may be in the possession of any counterparties that are subject to a Rejected Contract or Rejected Lease or any such property remaining at a Rejected Location (the "Abandoned Property").  Absent a timely objection, any and all property in the possession of a Contract or Lease counterparty or remaining at a Rejected

Location on the Rejection Date shall be deemed abandoned pursuant to Bankruptcy Code section 554, as is, effective as of the Rejection Date. Such counterparties may, in their sole discretion and without further notice or order of this Court, utilize and/or dispose of such Abandoned Property without liability to the Debtors or third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

h. ***Proofs of Claim***.  Claims arising out of the rejection of Contracts or Leases, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these Chapter 11 Cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Objection Deadline, if no objection is filed and (B) the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed in the appropriate form, such claimant shall be forever barred, estopped and enjoined from (1) asserting such claim against any of the Debtors and their chapter 11 estates, (2) voting on any chapter 11 plan filed in these Chapter 11 Cases on account of such claim and (3) participating in any distribution in the Debtors' Chapter 11 Cases on account of such claim.

5.      Approval of the Rejection Procedures and this Order will not prevent the Debtors from seeking to reject, assume or assume and assign a Contract by separate motion.

6.      The form of Rejection Notice attached hereto as **Exhibit 3** is approved.

7.      The Debtors shall serve notice of entry of this Order on the parties who received service of the Motion, and all of the Debtors' landlords.

8.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion and Rejection Notices.

9.      The 14-day stay required of any assignment of any Contract pursuant to Bankruptcy Rule 6006(d) is hereby waived.

10.     Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim

is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Bankruptcy Code section 365; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.

11.     Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12.     All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated, expired or otherwise no longer an executory contract or unexpired lease.

13.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16.     This Court retains exclusive jurisdiction with respect to all matters arising from or

related to the implementation, interpretation or enforcement of this Order.

Dated: _____, 2025
      Wilmington, Delaware

                                        THE HONORABLE KAREN B. OWENS
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT 1

**EXHIBIT 1**

**Rejected Contracts**

| Lessor | Debtor | Description of Contract[1] | Rejection Date |
|---|---|---|---|
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Master Lease Agreement No. 101255, dated as of June 29, 2021 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-001, with an Acceptance Date of June 29, 2021 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-002, with an Acceptance Date of December 20, 2021 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-003, with an Acceptance Date of February 11, 2022 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-004, with an Acceptance Date of June 28, 2023 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-005, with an Acceptance Date of October 31, 2023 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-006, with an Acceptance Date of December 21, 2023 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-007, with an Acceptance Date of December 21, 2023 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-008, with an Acceptance Date of December 21, 2023 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-009, with an Acceptance Date of April 29, 2024 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-010, with an Acceptance Date of June 27, 2024 | 2/12/2025 |

---

[1] The Rejected Contracts identified and described herein are inclusive of all amendments, modifications, revisions, supplements, extensions, renewals, assignments, restatements, and exhibits thereto.

| Lessor | Debtor | Description of Contract[1] | Rejection Date |
|---|---|---|---|
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-011, with an Acceptance Date of June 27, 2024 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-012, with an Acceptance Date of December 20, 2024 | 2/12/2025 |
| Auxilior Capital Partners, Inc. 620 West Germantown Pike, Suite 450 Plymouth Meeting, PA 19462 | Coastal Crew Change Company, LLC | Equipment Schedule No. 1001255-013, with an Acceptance Date of December 23, 2024 | 2/12/2025 |
| PB Roch Leasing, LLC 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of January 6, 2020 | 2/12/2025 |
| PB Roch Leasing, LLC 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of December 15, 2020 | 2/12/2025 |
| PB Minn Leasing, LLC 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of February 6, 2020 | 2/12/2025 |
| PB Minn Leasing, LLC 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of March 6, 2020 | 2/12/2025 |
| PB Minn Leasing, LLC 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of October 6 2020 | 2/12/2025 |
| PB Minn Leasing, LLC 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of April 6 2021 | 2/12/2025 |
| River Bluff Motorcoach, Inc. 101 East 10th St., Suite 300 Hastings, MN 59033 | Coastal Crew Change Company, LLC | Motor Vehicle Equipment Lease, with an Effective Date of July 7, 2020 | 2/12/2025 |

# **EXHIBIT 2**

## EXHIBIT 2

## Rejected Leases[1]

| Lessor | Debtor | Property Address | Rejection Date |
|---|---|---|---|
| Anthony L. Brinkoetter<br>PO Box 2160<br>Winnemucca, NV 89446 | WTH Commercial Services, LLC | 4130 West Winnemucca Blvd.<br>Winnemucca, NV | 2/12/2025 |
| Beartooth Industries<br>Glenn Kanvick<br>PO Box 925<br>Red Lodge, MT 59068 | Great Plains Crew Change, LLC | 7042 Highway 212<br>Red Lodge MT | 2/12/2025 |
| Coach Properties LLC<br>Attn. Brian/Greg Worthen<br>1001 S Douglas Hwy<br>Suite 292<br>Gillette, WY 82716 | Great Plains Crew Change, LLC | #3 - 400 Stetson Drive<br>(Arch Coal Parking Lot) | 2/12/2025 |
| Coach Properties LLC<br>Attn. Brian/Greg Worthen<br>1001 S Douglas Hwy<br>Suite 292<br>Gillette, WY 82716 | Great Plains Crew Change, LLC | #4 - 1611 E 6th Street<br>(Arch & Cloud Peak parking lot) | 2/12/2025 |
| Coach Properties LLC<br>Attn. Brian/Greg Worthen<br>1001 S Douglas Hwy<br>Suite 292<br>Gillette, WY 82716 | Great Plains Crew Change, LLC | #5 - 685 Smylie Road<br>Douglas, WY(Building) | 2/12/2025 |
| Lone Tree Village<br>401 South Russel Ave., Lot #1<br>Douglas, WY 82633 | Great Plains Crew Change, LLC | 401 South Russel Ave #108<br>Douglas WY 82633 | 2/12/2025 |
| Lone Tree Village<br>401 South Russel Ave., Office<br>Douglas, WY 82633 | Great Plains Crew Change, LLC | 401 South Russel Ave # 24<br>Douglas WY 82633 | 2/12/2025 |
| Chennault International Airport Authority<br>3650 Sen J Bennett Johnston Ave.<br>Lake Charles, LA 70615 | Coastal Crew Change Company, LLC | 3650 Sen J Bennett Johnston Ave<br>Lake Charles, LA 70615 | 2/12/2025 |
| RB Payson, LLC<br>Attn. Nathan A. Brockbank<br>2265 East Murray Holladay Road,<br>Holladay Utah. 84117 | WTH Commercial Services, LLC | 840 N Main St.<br>Payson, UT | 2/12/2025 |

---

[1] The Rejected Leases identified and described herein are inclusive of all amendments, modifications, revisions, supplements, extensions, renewals, assignments, restatements, and exhibits thereto.

| Lessor | Debtor | Property Address | Rejection Date |
|---|---|---|---|
| St. Mary's Catholic Church<br>PO Box 646<br>Livingston, MT 59047 | Great Plains Crew Change, LLC | 41 View Vista Dr.<br>Livingston MT 59047 | 2/12/2025 |
| Susan Carter<br>5135 East Ramsey Rd<br>Sierra Vista, AZ 85650 | Great Plains Crew Change, LLC | 542 Broadway<br>Red Lodge, MT 59068 | 2/12/2025 |

**<u>EXHIBIT 3</u>**

**Rejection Notice**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1] | Case No. 25-10027 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Ref. Nos. __ & __** |

## NOTICE OF REJECTION OF CERTAIN EXECUTORY
## CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 1 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on _____, 2025 the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order approving the *Debtors' First Omnibus Motion for Entry of an Order (I) Authorizing the Debtors to (a) Reject Certain Executory Contracts and Unexpired Leases Nunc Pro Tunc to February 12, 2025 and (b) Abandon Any Remaining Property at the Rejected Locations and (II) Authorizing and Approving Procedures to Reject Executory Contracts and Unexpired Leases* [D.I. ___] (the "Motion")[2] filed by the above-captioned debtors and debtors-in-possession (the "Debtors"), authorizing the rejection of certain executory contracts and unexpired leases, approving procedures for the rejection of executory contracts and unexpired leases and granting related relief [D.I. ___] (the "Rejection Procedures Order"). A copy of the Rejection Procedures Order is attached hereto as **Schedule 1**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtors' federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** and each Lease set forth on **Schedule 3** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2** or **Schedule 3**, as appropriate, or such other date as the Debtors and the counterparty or counterparties to any such Contract or Lease agree.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts or Leases must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' Chapter 11 Cases and is ***actually received*** by the following parties no later than fourteen (14) days after the date that the Debtors served this Rejection Notice: (i) counsel to the Debtors, Landis Rath & Cobb LLP, 919 Market Street, Suite 1800, Wilmington, Delaware 19801, Attn: Matthew B. McGuire, Esq. (mcguire@lrclaw.com) and Joshua B. Brooks, Esq. (brooks@lrclaw.com); (ii) the Office of The United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Richard L. Schepacarter, Esq. (richard.schepacarter@usdoj.gov); (iii) counsel for the Official Committee of Unsecured Creditors, (1) Brown Rudnick LLP, (a) 7 Times Square, New York, New York 10036, Attn: Bennet S. Silverberg, Esq. (bsilverberg@brownrudnick.com) and (b) One Financial Center, Boston, Massachusetts 02111, Attn: Shari I. Dwoskin, Esq. (sdowskin@brownrudnick.com) and (2) Potter Anderson & Corroon LLP, Hercules Plaza, 1313 North Market Street, 6th Floor, P.O. Box 951, Wilmington, Delaware 19801, Attn: Aaron H. Stulman, Esq. (astulman@potteranderson.com) and Christopher M. Samis, Esq. (csamis@potteranderson.com);

(iv) counsel to the DIP Lender, Proskauer Rose LLP, One International Place, Boston, MA 02110-2600, Attn: Charles A. Dale, Esq. (cdale@proskauer.com).  Only those responses that are timely filed, served and received will be considered at any hearing.

PLEASE TAKE FURTHER NOTICE that, absent an objection being timely filed, the rejection of each Contract or Lease shall become effective on the applicable Rejection Date set forth in **Schedule 2** or **Schedule 3**, as appropriate, or such other date as the Debtors and the counterparty or counterparties to such Contract or Lease agree.[3]

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Contract or Lease is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract(s) or Lease(s) to which such objection relates.  If such objection is overruled or withdrawn, such Contract(s) or Lease(s) shall be rejected as of the applicable Rejection Date set forth in **Schedule 2** or **Schedule 3** or such other date as the Debtors and the counterparty or counterparties to any such Contract or Lease agree.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract or Lease counterparty as a security deposit or other arrangement, the Contract or Lease counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts or Leases otherwise agree.

PLEASE TAKE FURTHER NOTICE that, absent timely objection, any personal property of the Debtors that remains in the possession of any Contract or Lease counterparty or is located on the Debtors' leased premises including furniture, fixtures, equipment, or other

---

[3] An objection to the rejection of any particular Contract or Lease listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract or Lease listed in this Rejection Notice must state with specificity the Contract or Lease to which it is directed.  For each particular Contract or Lease whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

personal property on the Rejection Date shall be deemed abandoned by the Debtors (the "Abandoned Property") as of the Rejection Date.  Landlords may, in their sole discretion and without further notice or order of the Court, utilize or dispose of such Abandoned Property without notice or liability to the Debtors or third parties and, to the extent applicable, the automatic stay has been modified to allow such disposition.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract(s) or Lease(s), you must do so by the later of (i) the claims bar date established in these Chapter 11 Cases, if any, and (ii) 30 days after the later of (A) the Rejection Objection Deadline, if no objection is filed and (B) in the event of an objection, the date of the entry of an order resolving such objection.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE, FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: _____, 2025
      Wilmington, Delaware

**LANDIS RATH & COBB LLP**

<u>/s/ *DRAFT*</u>_____
Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
Joshua B. Brooks (No. 6765)
Clifford R. Wood, Jr. (No. 7130)
919 Market Street, Suite 1800
Wilmington, Delaware 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
      mcguire@lrclaw.com
      brooks@lrclaw.com
      wood@lrclaw.com

*Counsel for the Debtors and Debtors-In-Possession*

# **<u>SCHEDULE 1</u>**

# SCHEDULE 2

### Rejected Contracts

| Counterparty | Debtor Counterparty | Description of Contract[1] | Rejection Date |
|---|---|---|---|
|  |  |  |  |

---

[1] The Rejected Contracts identified and described herein are inclusive of all amendments, modifications, supplements, extensions, renewals, assignments, restatements, and exhibits thereto.

# SCHEDULE 3

### Rejected Leases

| Counterparty | Debtor Counterparty | Address[1] | Rejection Date |
|---|---|---|---|
|  |  |  |  |

---

[1] The Rejected Leases identified and described herein are inclusive of all amendments, modifications, supplements, extensions, renewals, assignments, restatements, and exhibits thereto.

{1468.001-W0078011.}