**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 7 |
| WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1] | Case No. 25-10027 (KBO) |
| Debtors. | (Jointly Administered)<br>**Hearing Date: Apr. 11, 2025 at 10:00 a.m. [ET]**<br>**Deadline: Arp. 4, 2025 at 4:00 p.m. [ET]** |

**CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING
THE RETENTION AND EMPLOYMENT OF STEVENS & LEE P.C.
AS ATTORNEYS FOR ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,
PURSUANT TO 11 U.S.C. §§ 327(A) AND 328(A), FED. R. BANKR. P. 2014
AND DEL.  BANKR. L.R. 2014-1 EFFECTIVE AS OF FEBRUARY 28, 2025**

Alfred T. Giuliano (the "Trustee"), the chapter 7 trustee for the estates of Wynne

Transportation Holdings, LLC, *et al.* (the "Debtors"), respectfully requests the entry of an order,

pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, and Del. Bankr. L.R. 2014-1,

authorizing the employment and retention of the law firm of Stevens & Lee P.C. ("Stevens &

Lee") as his attorneys in these cases effective as of February 28, 2025 (the "Motion").  In support

of this Motion, the Trustee submits the Affidavit of Jason C. Manfrey, Esquire (the "Manfrey

Affidavit"), which is attached hereto as **Exhibit "A"** and incorporated by reference herein, and

respectfully represents as follows:

**JURISDICTION**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtors' federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

SL1 2662333v2 120721.00001

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware.

## BACKGROUND

4. On January 10, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. On January 13, 2025, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b) and Del. Bankr. L.R. 1015-1.

6. On February 27, 2025, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

7. On February 27, 2025, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

8. The Trustee has determined, subject to this Court's approval, to retain Stevens & Lee as his attorneys in connection with the administration of these cases, effective as of February 28, 2025, the date upon which Stevens & Lee commenced its services.

## RELIEF REQUESTED

9. By this Motion, pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014, and Del. Bankr. L.R. 2014-1, the Trustee seeks the entry of an order authorizing him to retain and employ Stevens & Lee, effective as of February 28, 2025, as his attorneys to represent and assist the Trustee in these chapter 7 proceedings.

SL1 2662333v2 120721.00001

**BASIS FOR RELIEF REQUESTED**

10. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an attorney to represent or assist the chapter 7 trustee in carrying out the trustee's duties only if that attorney is disinterested, as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate. See 11 U.S.C. § 327(a).

11. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under Section 701 of the Bankruptcy Code to employ, subject to court approval, an attorney to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including a retainer, on an hourly basis, or on a contingent fee basis. See 11 U.S.C. § 328(a).

### A. Stevens & Lee's Qualifications

12. The Trustee seeks to employ Stevens & Lee because of its extensive experience and knowledge in matters of this nature and the Trustee believes that Stevens & Lee is well qualified and competent to perform the services required by the Trustee. Stevens & Lee has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors and these chapter 7 cases, entities that are claimants of the Debtors or other parties-in-interest in these cases. Stevens & Lee has not – except as otherwise disclosed in the Manfrey Affidavit – and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or these cases. The Trustee believes Stevens & Lee is qualified to represent the Trustee in these cases.

### B. Scope of Employment

13. The professional services that Stevens & Lee will provide to the Trustee include, but shall not be limited to, the following:

(a) To provide legal advice with respect to the powers and duties as a Trustee;

3

(b)  To prepare on behalf of the Trustee necessary applications, motions, answers, orders, reports and other legal papers;

(c)  To appear in Court and protect the interests of the Trustee, the estates and the creditors; and

(d)  To perform all other legal services for the Trustee that may be necessary and proper in these proceedings.

## C.  Compensation and Fee Application

14.  Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Stevens & Lee at its normal and customary rates, plus reimbursement of actual, necessary expenses and other charges incurred.  The principal attorneys presently designated to represent the Trustee and their current standard hourly rates are:

(a)  Joseph Huston – $ 1,020 per hour

(b)  Jason Manfrey – $760 per hour

(c)  Constantine Pourakis - $1,050 per hour

15.  The hourly rates set forth above are Steven & Lee's standard hourly rates for work of this nature.  These rates are set at a level designed to fairly compensate Stevens & Lee for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  These rates are subject to periodic adjustments to reflect economic and other conditions.  Other attorneys may from time to time serve the Trustee in connection with the matters herein described.

16. It is Steven & Lee's policy to charge its clients in all areas of practice for all other expenses incurred in connection with the client's cases.  The expenses charged to clients include, among other things, telephone and telecopier toll and other charges, mail and express mail charges, special or hand delivery charges, document retrieval, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by Stevens & Lee to

4

outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research and transcription costs. Stevens & Lee will charge the Trustee for these expenses in a manner and at rates consistent with charges made generally to Stevens & Lee's other clients. Stevens & Lee believes that it is more fair to charge these expenses to the clients incurring them than to increase the hourly rates and spread the expenses among all clients.

17. Stevens & Lee has not received or requested a retainer in these cases.

18. Stevens & Lee intends to apply to the Court for interim and final allowance of compensation for professional services rendered and reimbursement of expenses incurred in accordance with section 330 of the Bankruptcy Code and the other applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and such other procedures as may be fixed by orders entered by the Court.

19. The Trustee submits that the compensation arrangements with Stevens & Lee are reasonable and at market rates, and similar to the rates charged to other clients in similar circumstances.

### D. **Disinterestedness and Disclosure of Connections**

20. Except as disclosed in the Manfrey Affidavit, Stevens & Lee does not represent any entity having an adverse interest with these cases. To check and clear potential conflicts of interest in these cases, Stevens & Lee researched its client database and compared the names and persons listed on **Schedule A** to the Manfrey Affidavit to determine whether Stevens & Lee may have a potential conflict or connection with the persons listed therein, limited to potential conflicts in its engagements as attorneys to the Trustee (collectively, the "Interested Parties"). To the extent that Stevens & Lee's research of its relationship with the Interested Parties indicates that Stevens & Lee has represented, or currently represents, any of these entities in matters unrelated to the Debtors, the identities of these entities are disclosed in paragraph 5 of the Manfrey Affidavit.

21. To the best of the Trustee's knowledge and except as otherwise disclosed in the Manfrey Affidavit: (a) Stevens & Lee has no connection with the Debtors, the creditors, the Office of the United States Trustee for the District of Delaware, any person employed in the Delaware Office of the United States Trustee, or any other party with an actual or potential interest in these cases or their respective attorneys, except as may be set forth in the Manfrey Affidavit; (b) Stevens & Lee is not and has not been an investment banker for any outstanding securities of the Debtors; (c) Stevens & Lee does not hold or represent an interest adverse to the Debtors' estates; and (d) Stevens & Lee is a "disinterested person" as that phrase is defined in Section 101(14) of the Bankruptcy Code.

22. The Trustee contends that Stevens & Lee's employment is necessary and in the best interests of the Trustee, the estates and the creditors.

## **NOTICE**

23. Notice of this Motion has been provided to: (a) the Office of the United States Trustee; (b) the Debtors, through their attorneys; (c) each of the Debtors' creditors holding the thirty (30) largest unsecured claims as set forth in the consolidated list filed with the Debtors' petitions; (d) the DIP Lender; (e) the Internal Revenue Service; (f) the United States Attorney's Office for the District of Delaware; (g) the state attorneys general for all states in which the Debtors conduct business; (h) creditors that hold claims for which proofs of claim have been filed; and (i) all parties who have requested notice in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.    In light of the nature of relief requested in this Motion, the Trustee respectfully submits that no further notice is necessary. The Trustee requests that the Court find that such notice is adequate and proper.

6

SL1 2662333v2 120721.00001

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order:

(A)    Authorizing the Trustee to retain and employ Stevens & Lee as his attorneys in

these proceedings pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014

and Del. Bankr. L.R. 2014-1, effective as of February 28, 2025; and

(B)    Granting such other relief as is just and proper.


/s/ *Alfred T. Giuliano*
Alfred T. Giuliano, chapter 7 trustee for the estates
of Wynne Transportation Holdings, LLC, *et al.*

Dated:  March 13, 2025

SL1 2662333v2 120721.00001