# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1] | Case No. 25-10027 (KBO) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: April 16, 2025 at 10:30 a.m. (ET)** |
| | **Objection Deadline: April 3, 2025 at 4:00 p.m. (ET)** |

## SUMMARY OF FINAL APPLICATION FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES FOR M3 ADVISORY PARTNERS, LP, AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF WYNNE TRANSPORTATION HOLDINGS, LLC, *ET AL.*, FOR SERVICES RENDERED FOR THE PERIOD FROM JANUARY 28, 2025 THROUGH AND INCLUDING FEBRUARY 27, 2025

| | |
|---|---|
| Name of Applicant: | M3 Advisory Partners, LP |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | March 5, 2025, effective as of January 28, 2025 |
| Final Period for which compensation and reimbursement are sought: | January 28, 2025 through February 27, 2025 |
| Final Amount of Compensation sought as actual, reasonable, and necessary: | $159,192.00 |
| Final Amount of Expense Reimbursement sought as actual, reasonable, and necessary: | $168.20 |

This is a(n): ___ interim  _X_  final application

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

## FINAL COMPENSATION BY PROFESSIONAL
## JANUARY 28, 2025 THROUGH FEBRUARY 27, 2025

| Professional | Title | Rate | Total Hours | Total Fees |
|---|---|---|---|---|
| Robert Winning | Managing Director | $1290 | 27.3 | $35,217.00 |
| Matthew Altman | Senior Associate | $725 | 136.5 | $98,962.50 |
| Suneer Sood | Senior Associate | $725 | 34.5 | $25,012.50 |
| **Total Hours and Fees by Professional** | | | **198.3** | **$159,192.00** |

**FINAL COMPENSATION BY PROJECT CATEGORY**
**JANUARY 28, 2025 THROUGH FEBRUARY 27, 2025**

| Project Category | Total Hours | Total Fees |
|---|---:|---:|
| Case Administration | 5.0 | $4,077.00 |
| Claims/Liabilities Subject to Compromise | 9.7 | $7,032.50 |
| Contracts | 5.5 | $3,987.50 |
| Court Attendance/Participation | 0.4 | $290.00 |
| Diligence | 9.0 | $7,203.00 |
| Financial and Operational Matters | 63.7 | $52,793.00 |
| Financing Matters (Cash Budget, Exit, Other) | 40.9 | $33,551.00 |
| General Correspondence with Debtor & Debtors' Professionals | 16.8 | $14,779.00 |
| General Correspondence with UCC & UCC Counsel | 14.6 | $11,376.00 |
| Investigations and Litigation Support | 10.2 | $7,395.00 |
| Plan of Reorganization/Disclosure Statement | 22.5 | $16,708.00 |
| **Total Hours and Fees by Project Category** | **198.3** | **$159,192.00** |

**FINAL EXPENSES BY CATEGORY**
**JANUARY 28, 2025 THROUGH FEBRUARY 27, 2025**

| Description | Total |
|---|---:|
| Ground Transportation | $54.71 |
| Meals (Local) | $113.49 |
| **Total** | **$168.20** |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WYNNE TRANSPORTATION HOLDINGS, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 25-10027 (KBO)<br><br>(Jointly Administered)<br><br>**Hearing Date: April 16, 2025 at 10:30 a.m. (ET)**<br>**Objection Deadline: April 3, 2025 at 4:00 p.m. (ET)** |

**FINAL APPLICATION
FOR ALLOWANCE OF FEES AND REIMBURSEMENT OF EXPENSES FOR M3
ADVISORY PARTNERS, LP, AS FINANCIAL ADVISOR TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS OF WYNNE TRANSPORTATION
HOLDINGS, LLC, *ET AL.*, FOR SERVICES RENDERED FOR THE PERIOD
FROM JANUARY 28, 2025 THROUGH AND INCLUDING FEBRUARY 27, 2025**

M3 Advisory Partners, LP ("M3 Partners"), Financial Advisor to the Official Committee of Unsecured Creditors (the "Committee") of the above captioned debtors and debtors in possession (the "Debtors"), submits this final fee application (the "Application"), pursuant to sections 330(a) and 331 of title 11 of the United States Code, (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order Converting the Debtors' Chapter 11 Cases to Cases under Chapter 7 of the Bankruptcy Code* [Docket No. 120] (the "Conversion Order"), seeking approval of fees and expenses for the period from January 28, 2025, through February 27, 2025 (the "Final Application Period") in the amount of

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, are: Wynne Transportation Holdings, LLC (0566), Wynne Transportation, LLC (8255), Coastal Crew Change Company, LLC (9550), WTH Commercial Services, LLC (9379), Southwest Crew Change Company, LLC (8777), Great Plains Crew Change Company, LLC (5926), and Allegheny Crew Change Company, LLC (9234). The Debtors' address is 14110 N. Dallas Parkway, Suite 240, Dallas, Texas 75254.

$159,192.00 in compensation for professional services and $168.20 in reimbursement of actual and necessary expenses and requests entry of an order substantially in the form submitted herewith. In support of the Application, M3 Partners respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Pursuant to Local Rule 9013-1(f), the Committee consents to the entry of a final judgment or order with respect to the Application if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Rule 2016-1.

## BACKGROUND

4. On January 10, 2025 (the "Petition Date"), the Debtors each filed a voluntary petition with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of the Bankruptcy Code.

5. On January 27, 2025, the United States Trustee (the "U.S. Trustee") appointed the Committee to represent the interests of all unsecured creditors in these chapter 11 cases. *See* Docket No. 62. The Committee consists of the following four (4) members: (i) Western

Motorcoach, Inc.; (ii) Sweet Grass Portables; (iii) El Camino Bus Lines and Los Chavez Autobuses, Inc., and (iv) GETZ Transport Solutions, LLC.

6. On January 28, 2025, the Committee selected M3 Partners to serve as financial advisor to the Committee. On February 17, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors of Wynne Transportation Holdings, LLC, et al., for Entry of an Order Authorizing and Approving the Employment and Retention of M3 Advisory Partners, LP as Financial Advisor Effective as of January 28, 2025* [Docket No. 91] (the "Retention Application"). On March 5, 2025, the Court entered an order granting the relief requested in the Retention Application (the "Retention Order"). *See* Docket No. 145.

7. On February 27, 2025 (the "Conversion Date"), the Court entered the Conversion Order, dissolved the Committee and directed the Committee's professionals to file final fee applications by March 20, 2025.

8. This Application includes (i) a request for payment of services rendered and for reimbursement of expenses incurred from M3 Partners' retention on January 28, 2025 through and including the Conversion Date.

**SUMMARY OF SERVICES PERFORMED BY
M3 PARTNERS DURING THE FINAL APPLICATION PERIOD**

9. The services rendered by M3 Partners during these Chapter 11 Cases can be grouped into the categories set forth below. M3 Partners attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. The following provides a narrative description of project categories to which professionals of M3 Partners dedicated the most significant time (i.e., time charges in excess of $20,000 in the aggregate) during the Final Application Period:

*Financial and Operational Matters – ($52,793.00, 63.7 Hours)*

10. On an ongoing basis, M3 analyzed the Debtors' operations, financial performance, financial reporting, historical financials, liquidity, and operational efficiency. M3 performed analyses on various aspects of the Debtors' financial and operational matters and assessed risks that could impact creditor recoveries or the businesses' viability.

*Financing Matters (Cash Budget, Exit, Other) – ($33,551.00, 40.9 Hours)*

11. During the Fee Period, M3 Partners examined the Debtors' DIP budget, performed diligence on the Debtors' assets and liabilities, reviewed budgets and variance reports from the Debtors' professionals, and worked alongside counsel to the Committee to analyze financial data.

12. The amount of time spent by M3 Partners' professionals providing services to the Committee for the Final Application Period is fully set forth in the detail attached hereto as **Exhibit B**.

## DISBURSEMENTS

13. M3 Partners incurred $168.20 as actual and necessary expenses in providing professional services during the Final Application Period. None of these expenses exceed the maximum rate set by the Guidelines. These charges are intended to cover M3 Partners' direct costs, which costs are not incorporated into the M3 Partners' hourly fees. Only clients who use services of the types for which reimbursement is sought are separately charged for such service.

14. M3 Partners asserts that the foregoing services and expenses were necessary to the administration of the Chapter 11 Cases and were beneficial to the Committee at the time which the services were rendered. All services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed.

15. A detailed statement of actual and necessary expenses incurred during the Final Application Period is annexed hereto as **Exhibit C**.

**SUPPORTING DOCUMENTATION**

16. As noted above, M3 Partners was retained to serve in the capacity of financial advisor to the Committee by the Retention Order, dated March 5, 2025, which retention was effective as of January 28, 2025.

17. This Application represents M3 Partners' final fee application as financial advisor to the Committee, and covers the period from January 28, 2025 through the Conversion Date.

18. The time sheets attached hereto detail the services rendered by M3 Partners, the hourly rate charged by each team member, and the actual time expended in the performance of such services. Said time sheets reflect that M3 Partners has expended 198.3 hours in performing services for the Committee, resulting in charges of $159,192.00. The blended hourly rate charged herein is $802.78, which M3 believes is fair and reasonable in light of the nature of the services rendered and the expertise of the professionals rendering such services.

19. The attached detail also includes a breakdown of all out-of-pocket disbursements incurred by M3 Partners in the performance of its duties as counsel to the Committee, which total $168.20. In the normal course of M3 Partner's practice, expenses are only charged to a client after the expenses are actually incurred by M3 Partners.

20. Annexed hereto and made part hereof as **Exhibit A** is the Certification of Robert Winning with respect to compliance of Local Rule 2016-1 and the U.S. Trustee Guidelines.

**THE REQUESTED COMPENSATION SHOULD BE ALLOWED**

21. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 to govern a court's award of such compensation. 11 U.S.C. § 331.

22. Section 330 also sets forth the criteria for the award of such compensation and

5

reimbursement:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court should consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
> a.  the time spent on such services;
> b.  the rates charged for such services;
> c.  whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> d.  whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> e.  with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> e.  whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

23. As set forth in greater detail below, M3 Partners respectfully submits that it has satisfied the requirements of section 330 of the Bankruptcy Code. The services for which it seeks compensation in this Application were necessary for and beneficial to the Committee. M3 Partners' request for compensation is reflective of a reasonable and appropriate amount of time expended in performing such services commensurate with the complexity, importance and nature of the problem, issue, or task involved. These services were performed without unnecessary duplication of effort by professionals employed by M3 Partners. The compensation sought by M3 Partners is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under the Bankruptcy Code. Indeed, M3 Partners' monthly fees are comparable with other similarly qualified advisors appearing in this and other Chapter 11 cases. For all of the foregoing reasons, M3 Partners respectfully requests that the Court grant this Application.

**STATEMENTS OF M3 PARTNERS**

24. No agreement or understanding prohibited by section 504 of the Bankruptcy Code exists between M3 Partners and any other person for a sharing of compensation received or to be received for services rendered in or in connection with these Chapter 11 Cases, nor shall M3 Partners share or agree to share the compensation paid or allowed from the Debtors' estates for such services with any other person in contravention of section 504 of the Bankruptcy Code. No agreement or understanding prohibited by 18 U.S.C. § 155 has been made by M3 Partners.

25. Pursuant to Bankruptcy Rule 2016, M3 Partners states that no payments have heretofore been made or promised to M3 Partners for services rendered or to be rendered in any capacity in connection with these Chapter 11 Cases.

26. The undersigned has reviewed the requirements of Local Rule 2016-1 and certifies that this Application complies with that Local Rule.

27. Notice of this Application has been provided in accordance with the Local Rule 2002-1(b). M3 Partners submits that no other or further notice need be provided.

28. M3 Partners reserves all rights and claims. Without limiting the generality of the foregoing, M3 Partners reserves its rights to include any time expended in the Final Application Period in future application(s) if it is not included herein.

WHEREFORE, M3 Partners respectfully requests that this Court (i) approve and ratify final allowance of compensation and reimbursement of expenses in the amounts of $159,192.00 and $168.20, respectively, for the Final Application Period, and (ii) grant such other relief as may be just and proper.

Respectfully Submitted,
Dated:  March 20, 2025

*/s/ Robert Winning*
Robert Winning
Managing Director, M3 Advisory Partners, LP